IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 4:19-CV-3183 |
| ROBERT A. FERGUSON, | § § § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff UnitedHealthcare Insurance Company ("UHIC"), files its complaint against Defendant Robert A. Ferguson ("Ferguson") and states:

# PARTIES

1. **UHIC.** UHIC is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. **Defendant**. Upon information and belief, Ferguson is a resident of Cypress, Texas and may be served with process at 10922 Crossview Lake Dr., Cypress, Texas 77433-5140.

# JURISDICTION AND VENUE

3. **Jurisdiction**. The Court has subject matter jurisdiction of this case under 28 U.S.C. § 1332, inasmuch as the amount in controversy exceeds $75,000.00 and is between parties of diverse citizenship.

4. **Venue**. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or admissions giving rise to the claim occurred in this district, and the underlying contract giving rise to the debt was delivered and signed by Ferguson in this district. Further, Defendant is a resident of this district.

## OPERATIVE FACTS

5. **Agent Agreement**. Ferguson and UHIC entered into a valid and enforceable written Agent/Agency Agreement (the "Agent Agreement"), effective April 9, 2005, that, among other things, authorized Ferguson to solicit applications for health insurance and non-medical insurance (e.g., life, disability, vision, and dental insurance) for UHIC for approval or rejection. UHIC compensated Ferguson for his services through the payment of commissions on policies issued by UHIC and secured by Ferguson.

6. **UHIC may Correct Overpayments Retroactively**. Section 3.4 of the Agent Agreement provides UHIC may terminate or amend any commission payable to Ferguson at any time, in UHIC's sole discretion. Section 3.6 of the Agent Agreement provides UHIC may correct an overpayment error, ask for repayment, and Ferguson must promptly return any overpayments to UHIC. The Agent Agreement further provides that Ferguson must reimburse UHIC for all costs and attorney's fees incurred in collecting any such debt.

7. **Ferguson's Indebtedness.** Ferguson was the Chief Financial Officer ("CFO") for Worldwide Oilfield Machine, Inc. ("WOM"). Ferguson also worked as an insurance broker for UHIC under the Agent Agreement, and Ferguson received

commissions from UHIC for the Group Policy issued by UHIC to WOM. When Ferguson retired from WOM in 2016, upon information and belief, WOM removed him as agent of record and no further commissions would be payable after April 2017. UHIC mistakenly paid thousands in commissions to Ferguson thereafter until January 2019. UHIC learned of the foregoing in January 2019, and that all commissions paid by UHIC to Ferguson after April 2017, totaling $378,529.21, were paid to Ferguson in error. Despite demand by UHIC beginning on March 22, 2019, Ferguson has failed and refused to refund to UHIC the aforementioned commission indebtedness. UHIC has notified Ferguson of the indebtedness, but Ferguson has refused to fulfill his obligations under the Agent Agreement and remit same to UHIC. Indeed, UHIC has complied with the terms of the Agent Agreement and satisfied all conditions precedent to the filing of this action.

8. **Account Balance**. Ferguson's compensation indebtedness to UHIC amounts to $378,529.21.

## CAUSES OF ACTION

1. **Breach of Contract**. UHIC notified Ferguson of the overpayment, and UHIC made a demand for return of the overpayment. Ferguson has failed and refused to comply with UHIC's demand, breaching his obligation under the Agent Agreement o promptly remit any amounts overpaid by UHIC. Ferguson has breached the Agent Agreement for which UHIC now sues, and UHIC employed the undersigned attorneys to prosecute this action. UHIC is entitled to recover its attorneys' fees and costs from Ferguson pursuant to the Agent Agreement and TEX. CIV. PRAC. & REM. CODE § 38.001,

*et seq.*, for which it now sues.

    2.    **Money Had and Received**. Ferguson holds money, the $378,529.21 in commissions paid by UHIC to Ferguson, that belongs to UHIC in equity and good conscience. UHIC now sues for the return of these commissions by Ferguson, along with interest and court costs.

## RELIEF REQUESTED

    3.    **Prayer**. Plaintiff UHIC respectfully requests the following relief:

    (a)    That Ferguson be served with summons and be required to answer in the time and manner prescribed by law;

    (b)    That the Court enter a judgment against Ferguson for the indebtedness owed to UHIC, plus pre-judgment and post-judgment interest as provided by law and attorneys' fees and costs;

    (c)    That UHIC has such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: August 23, 2019            Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Fed I.D. No. 8603
    andy.jubinsky@figdav.com
    **Attorney-in-Charge**

**Of Counsel:**
Charles M. Gearing
Texas Bar No. 24069774
Fed. I.D. No. 140831
charles.gearing@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF
UNITEDHEALTHCARE INSURANCE COMPANY